# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS E. BENTLEY,<br>    *Petitioner*, | :<br>:<br>: | |
| v. | : | CIVIL ACTION NO. 11-CV-2423 |
| MICHAEL W. HARLOW, *et al.*,<br>    *Respondents*. | :<br>:<br>: | |

## MEMORANDUM

**PAPPERT, J.**                                                                                   **APRIL 28, 2022**

*Pro se* Petitioner Lewis E. Bentley, a prisoner in state custody serving an aggregate term of life plus five to ten years imprisonment,[1] filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b). (*See* ECF No. 42.) Bentley seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. The Motion is an unauthorized second or successive habeas petition over which the Court lacks jurisdiction and is dismissed accordingly.

I

The procedural history and factual background of Bentley's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge Lynne A. Sitarski. (ECF No. 27; *Bentley v. Harlow*, No. 11-2423, 2015 WL 10487721 (E.D. Pa. Oct. 20, 2015)). The Court outlines only the information necessary to place Bentley's Motion in context. Following the denial of a counseled petition for post-conviction relief

---

[1] Following a jury trial in the Court of Common Pleas of Philadelphia County, Bentley was convicted of first-degree murder for the shooting of Vernon Purnell, aggravated assault for the shooting of Anthony Fitzsimmons, and two counts of carrying a firearm without a license in violation of the Uniform Firearms Act. *See Bentley v. Harlow*, No. 11-2423, 2015 WL 10487721, at *3 (E.D. Pa. Oct. 20, 2015).

filed pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, Bentley filed his amended § 2254 petition[2] asserting the following claims:

> (1) ineffective assistance of trial counsel for withdrawing Petitioner's alibi but then opening the door to the alibi, and failing to object to the highly prejudicial testimony introduced by the Commonwealth that rebutted the alibi;
>
> (2) ineffective assistance of trial counsel for failing to object to the introduction of prejudicial prior bad act testimony and failing to ask for a limiting instruction;
>
> (3) ineffective assistance of trial counsel for failing to object to the admission of testimony concerning the victim's character and reputation;
>
> (4) ineffective assistance of trial counsel for failing to object to the Commonwealth's prejudicial closing statements; and
>
> (5) the verdicts were not supported by sufficient evidence.

(ECF No. 12-1).

Magistrate Judge Sitarski recommended denial of the amended § 2254 petition with prejudice, finding Bentley exhausted his state court remedies with respect to his claims but concluding they were all without merit. (ECF No. 27.) Bentley filed Objections to the Report and Recommendation on November 3, 2015. (ECF No. 29.) In a March 15, 2016 Order, Judge Dalzell overruled Bentley's Objections, adopted the Report and Recommendation, dismissed the amended petition with prejudice, and determined that there was no probable cause to issue a certificate of appealability. (ECF No. 32.) Bentley requested, but was denied, a certificate of appealability from the United States Court of Appeals for the Third Circuit on August 2, 2017. (ECF No. 38.)

---

[2] Bentley had previously filed a *pro se* habeas petition on March 23, 2011. (ECF No. 1). Magistrate Judge Sitarski issued a Report and Recommendation, recommending that the petition, which contained both exhausted and unexhausted claims, be dismissed without prejudice. (ECF No. 6.) Judge Yohn approved and adopted the recommendation. (ECF No. 9). Rather than dismissing the petition, however, Judge Yohn stayed it pending resolution of Bentley's PCRA petition. (ECF No. 10.)

In the current Motion, Bentley seeks relief pursuant to Rule 60(b).[3] He asserts the following claims:

> 1). Was Petitioner's Right's Denied under Article 1 Section 9 of the Pennsylvania Constitutions 6 Sixth Amendment – when Trial and PCRA counsel failed to Raise and Preserve Substantial Brady Violations?
>
> 2). Was Petitioner Right's Denied under Article 1 Section 9 of the Pennsylvania Constitution and under the United States of America Constitution 14 Fourteenth Amendment (Due Process, Equal Protection of the Law, and Rights to a Fair Trial) when Discovery Material relevant to the Case in Chief were not Disclosed in Discovery?
>
> 3). Was Petitioner Right's Denied under Article 1 Section 9 of the Pennsylvania Constitution and under the United States of America Constitution 14 Fourteenth Amendment (Due Process, Equal Protection of the Law, and Right's to a Fair Trial) when the Prosecutor for the State Suppress relevant Material Evidence that was order by the Courts to be Disclosed in Discovery?

(ECF No. 42 at 2.)[4] Bentley asserts that the "Brady violation [that occurred] during the course of trial was the revelation of several pieces of paperwork," including "the crime scene photos and crime scene diagrams." (ECF No. 42 at 8, 23-24.) It appears from the motion and attached trial transcripts that Bentley contends that the "material evidence" at issue was not disclosed in discovery prior to trial but was instead "revealed during trial." (*Id.* at 34-35.)

## II

### A

Federal Rule of Civil Procedure 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[3] On September 20, 2019, this case was reassigned from the late Judge Dalzell to this Court in accordance with the court's procedure for random reassignment of cases. (ECF No. 41.)

[4] The Court adopts the pagination supplied by the CM/ECF docketing system.

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Under Rule 60(c), a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

B

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (*per curiam*).

AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals divests district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a purported Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[5] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is

---

[5] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

5

effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

III

Pursuant to 28 U.S.C. § 2244(b)(2), a federal court lacks jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion. The threshold question is thus whether Bentley's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition.

Bentley indicates in his Motion that he seeks relief on the basis of Rules 60(b)(3) and (6). (ECF No. 42 at 1.) Bentley is actually raising new, previously unasserted habeas claims. He is wrong to the extent he asserts as a basis for relief "fraud on the court" pursuant to Rule 60(b)(3). His assorted *Brady* claims attack the validity of his criminal proceeding, as opposed to an alleged defect in the habeas proceedings.[6]

---

[6] As noted above, the Court must determine whether the motion attacks the prisoner's underlying judgment of conviction or sentence, or attacks a prior judgment entered in post-conviction relief proceedings. *Gonzalez*, 545 U.S. at 530-36. If it attacks the former, it is treated as a collateral attack on the conviction and is subject to the limitations of the AEDPA. *Id.* at 531; *see also Nicholas v. Patrick*, No. 06-1680, 2015 WL 2236674, at *12 (E.D. Pa. May 11, 2015) ("The Court must first determine whether petitioner's *Hazel-Atlas* Motions are in essence second or successive habeas petitions.").

Bentley is attacking his convictions based upon theories he could have raised in his § 2254 petition. Therefore, the Motion must be construed as an unauthorized second or successive habeas petition to the extent that in it he is challenging his judgment of sentence. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

                      **BY THE COURT:**

                      */s/ Gerald J. Pappert*
                      **GERALD J. PAPPERT, J.**